IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

ALBANY DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, individually and on behalf of all others similarly situated | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| EXCEL GLOBAL LOGISTICS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, BRIAN RICHARDSON, ("Plaintiffs") files this, his Complaint Damages ("Complaint") against the above-named Defendant, and shows this Honorable Court the following:

1.

This is an action for Damages arising out Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981").

**PARTIES**

2.

Plaintiffs, BRIAN RICHARDSON (hereinafter referred to as the "Plaintiff"), is a resident of Albany, Dougherty County,

Georgia and is a member of a protected class because of his race. Plaintiff is an African-American male and at all time relevant to this Complaint was an employee of Defendant EXEL GLOBAL LOGISTICS, INC. Albany, Georgia location.

3.

Defendant, EXEL GLOBAL LOGISTICS, INC. (hereinafter referred to as "Defendant") is a foreign corporation and once served with process is subject to the venue and jurisdiction of this Honorable Court. Service may be perfected upon Defendant by serving its registered agent **CT Corporation System** and is therefore subject to the jurisdiction and venue of this Court with a copy of the complaint at **1201 Peachtree Street, NE, Atlanta, Georgia 30361.**

**JURISDICTION AND VENUE**

4.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

5.

This Court also has personal jurisdiction based upon 28 U.S.C. §1331.

6.

Venue in this action is proper pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as most if not all of the acts complained of occurred in the Middle District of Georgia, Albany Division.

**ADMINISTRATIVE REQUIREMENT**

7.

On or about May 24, 2012, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (See attached Exhibit "A").

8.

On or about May 28, 2014, the Plaintiff received a copy of the Notice of Right to Sue. (See attached Exhibit "B").

**(FACTUAL BASIC)**

**EXEL Systemically Discriminates Against And Excludes African-Americans From Employment Opportunities**

9.

Defendant has engaged, and continues to engage, in systemic and pervasive racial discrimination against African-Americans.

10.

Defendant discriminatory treatment of African-Americans is evidenced in part by the low representation and high attrition rates of African-Americans. In addition, African-Americans are paid lower wages and denied income-earning and promotional opportunities.

11.

Defendant's human resources department ("HR") caters to and perpetuates the white male dominated culture and discrimination at the company. Because the Defendant has no sincere desire to employ or retain African-Americans on equal terms as White/Caucasians, the Defendant does not effectively monitor the treatment of its African-American employees or fully investigate and resolve complaints of racial discrimination. Rather, Defendant justifies its conduct by reliance on racial stereotypes. Without evidence to support its belief, Defendant believes that its African-American operation supervisors do not have intelligence and skill of their White/Caucasian counterparts and, therefore, will not be as effective as supervisors. In part for that reason, Defendant does not pay African-American supervisor as much as it pays White/Caucasian supervisors.

**Pattern Allegations**

12.

Defendant has a nationwide pattern or practice of discrimination and retaliatory conduct against African-Americans includes but is not limited to the following practices:

a. failing to hire African-Americans;

b. failing to retain African-Americans on the same basis as non-African-Americans;

c. failing to promote African-Americans, including to management;

d. underutilizing African-Americans in high paying jobs;

e. steering African-Americans into non-producing or lower paid positions;

f. taking race into account when making employment decisions, including but not limited to decisions regarding training;

g. failing to credit African-Americans for their experience on the same basis as non-African-Americans and failing to consider African-Americans for timely promotions or title changes on the same basis as non-African-Americans;

h. systematically paying African-Americans lower wages and/or denying African-Americans opportunities to increase their earnings;

i. negligently hiring and/or retaining individuals with known propensities to discriminate against or harass African-Americans;

j. creating an environment that is hostile and offensive to African-Americans;

k. selecting managers with known propensities to discriminate against African-Americans to serve as assessors at the MAC;

l. retaliating against African-Americans who complain of discrimination by, among other things, subjecting them to further discrimination, retaliation, verbal attacks, discipline, reassignment of their clients or accounts, and/or termination;

m. making employment decisions based on race and/or racial stereotypes;

n. intentionally or knowingly adopting, implementing and retaining policies and practices that have a disparate impact on African-Americans;

o. manipulating the length of service ("LOS") designation of non-African-Americans to manipulate earnings and performance;

p. terminating African-Americans on account of race and/or due to diminished performance and/or production that was lower than it would have been but for the unlawful conduct of Defendant;

q. negligently retaining managers who fail to hire and discriminate against African-Americans; and

r. applying standards that are less favorable for disciplining and terminating African-Americans than standards applied to non-African-Americans;

13.

Plaintiff began his employment with Defendant on January 25, 2005 as a forklift operator in its Albany, Georgia office.

14.

In September 12, 2011, Defendant demoted Plaintiff from an operation supervisor to forklift operator, although his production was second highest amongst the four operation supervisors.

15.

Plaintiff was demoted by Ryan Calvert, a White/Caucasian male, who was Site Manager of the Albany location. Plaintiff was never given written notification of the reason for his demotion

16.

Plaintiff conducted HR about his demotion and that he was never given written notice of the reason for his demotion and why was he being demoted when he was out producing all the operation supervisor except for one. HR manager, Franklin Hudson, a White/Caucasian male, stated that he would call Ryan Calvert regarding his issues.

17.

HR manager, Franklin Hudson, called Plaintiff back told and Plaintiff that he should be happy to have a job because he could have been terminated. Franklin never addressed any of Plaintiff's issues with the Albany location and site manager, Ryan Calvart.

18.

Defendant has a policy that an employee that is not meeting production standards cannot transfer. Defendant also has a policy that if you are allowed to transfer, you must stay at the site for at least one year before being able to transfer a second time.

19.

Nathaniel Whiteman, a White/Caucasian male operation supervisor, who was not meeting production standards of Defendant transferred to the Albany site in April of 2011 and transferred to another site in December 2011 just eight months after arriving at the Albany site.

20.

Plaintiff, a operation supervisor of Defendant, was paid lower starting wages than their White/Caucasian counterparts, similarly situated.

21.

Gromoski Stamper and Calvin Smalls, two operation

supervisor of Defendant, were constantly discriminated against by being paid lower starting wages than their White/Caucasian counterparts, similarly situated, along with Plaintiff.

**CLASS ALLEGATIONS**

22.

The class of African-American employees and former employees who have been subjected to discrimination due to their race and who have been subjected to retaliation due to their opposition to discrimination is so numerous and geographically spread that joinder of all members is impracticable.

23.

There are questions of law and fact common to the class.

24.

The claims of the named Plaintiffs are typical, and the named Plaintiffs will fairly and adequately represent and protect the interests of the class. The Plaintiffs represent a cross-section of Exel supervisors whom they seek to represent. The Plaintiffs work in offices across the country.

25.

The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e et seq.**

26.

Plaintiffs reallege and incorporate paragraphs 1-47 of this Complaint as paragraphs 1-25 of Count I.

27.

Plaintiff Brian Richardson filed charges of racial discrimination with the EEOC and received Notice of Rights to Sue. Exel employees Gromoski Stamper and Calvin Smalls are in the process of filing charges with the EEOC. Exel was placed on notice of the representative allegations contained in this Complaint in the EEOC charges.

28.

Title VII make it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms or conditions, or privileges of employment, because of such individual's race, color or national origin; or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, or national origin.

29.

It is unlawful for an employer to engage in racially biased decision-making and treatment. It is also unlawful for an employer to make decisions infected by stereotypical thinking or other forms of less conscious bias. Nor may race or color ever be a bona fide occupational qualification under the law.

30.

Through the conduct alleged in this Complaint, Defendant violated Title VII of the Civil Rights Act of 1964 and amendments thereto by subjecting Plaintiff and all others similarly situated to differential treatment and by adopting policies and practices that had a disparate impact against African-Americans.

31.

Defendant is strictly responsible for the acts and conduct of its managers/supervisors and knew of should have known of a culture created by its managers/supervisors and employees that discriminated against and was hostile to African-Americans.

**COUNT II**
**RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1981**

32.

Plaintiffs and all others similarly situated reallege paragraphs 1 through 31 and incorporate them by reference as though fully stated herein as part of Count II of this Complaint.

33.

Section 1977 of the Revised Statutes, 42 U.S.C. Section 1981 as amended guarantees persons the same right to make and enforce contracts as non-African-Americans. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

34.

Defendant subjected Plaintiff and all others similarly situated to racial discrimination in violation of 42 U.S.C. Section 1981.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs and all others similarly situated respectfully request that this Court find in their favor and against Defendant as follows:

a. Declare that the acts and conduct of Defendant violate 42 U.S.C. Section 1981;

b. Declare that the acts and conduct of Defendant violate Title VII;

c. Declare that Defendant engaged in a pattern and practice of racial discrimination and certify a class of persons similarly situated to Plaintiffs eligible for relief;

d. Order appropriate equitable and injunctive relief and diversity initiatives to remedy the discrimination;

e. Award Plaintiffs and all others similarly situated the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

f. Award Plaintiffs and all others similarly situated the value of all compensation and benefits they will lose in the future as a result of Defendant's unlawful conduct;

g. Award Plaintiffs and all others similarly situated compensatory damages;

h. Award Plaintiffs and all others similarly situated punitive damages;

i. Award Plaintiffs and all others similarly situated a common fund for make whole relief and statutory, compensatory and punitive damages;

j. Award Plaintiffs and all others similarly situated prejudgment interest;

k. Award Plaintiff and all others similarly situated attorneys fees, costs and disbursements;

l. Award Plaintiff and all others similarly situated such other make whole equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate the class.

Respectfully Submitted this 26th day of August, 2014.

/s/ *NIKKI G. BONNER*
NIKKI G. BONNER
Attorney for Plaintiff
Georgia State Bar No. 141588

N. GIOVANNI BONNER & ASSOCIATES, P.C.
Pinnacle
3455 Peachtree Road, N.E., Ste. 500
Atlanta, Georgia 30326
404-995-6643 Office
404-995-6644 Facsimile
nikki@ngiovannilaw.com