# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| BRIAN RICHARDSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXCEL GLOBAL LOGISTICS, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   CASE NO.:   1:14-CV-129 (LJA)<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

Before the Court is Defendant Excel Global Logistics, Inc.'s Motion to Dismiss. (Doc. 4). For the following reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

This action concerns alleged racial discrimination against Plaintiff Brian Richardson as he was working as a forklift operator at Defendant's Albany, Georgia office. (*See* Doc. 1.) On or about March 24, 2012, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 7.) Plaintiff subsequently received a right to sue letter from the EEOC on May 28, 2014. (*Id.* at ¶ 8.) Thereafter, on August 27, 2014, Plaintiff commenced this action this action, alleging discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"). (Doc. 1.) Plaintiff served Defendant on March 5, 2015. (Doc. 4-2.)

On March 23, 2015, Defendant moved to dismiss this case pursuant to Federal Rules of Civil Procedure 4(b), 12(b)(5), and 12(b)(6), contending that Plaintiff's Title VII claim was barred by the statute of limitations and that Plaintiff's remaining claims were subject to dismissal as a result of Plaintiff's failure to perfect service within the required 120-day period.

(Doc. 4-1.) On April 27, 2015, Plaintiff filed his Response to Defendant's Motion to Dismiss (Doc. 5) and, on March 29, 2015, Defendant filed its Reply. (Doc. 6.) The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

## DISCUSSION

### I. Title VII Claim

Defendant has moved to dismiss Plaintiff's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff's claims are time-barred. Rule 12(b)(6) authorizes a party to move to dismiss all or some of the claims in a complaint on the ground that the complaint's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint need not set forth detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). The plaintiff must allege sufficient facts to render the claim "plausible on its face." *Id.* at 570. "Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Horsley v. Univ. of Alabama*, 564 F. App'x 1006, 1008 (11th Cir. 2014) (citation and quotations omitted).

"Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC." *Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (citing 42 U.S.C. § 2000e–5(f)(1)). Courts calculate the 90-day period from the time of the claimant's "actual receipt" of the notice. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir.2005) (citation omitted). Plaintiff alleges that he received the right-to-sue letter from the EEOC on May 28, 2014. (Doc. 1 at ¶ 8.) Thus, Plaintiff was required to file his Complaint by August 26, 2014. Plaintiff, however, did not file his Complaint until August 27, 2014. Accordingly, Plaintiff's Title VII claims are time-barred. *See Norris v. Florida Dep't of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984) (holding that the plaintiff's complaint was "untimely" because it was filed "ninety-one days" after the plaintiff received "her right to sue from the EEOC").

Although "Title VII's ninety-day filing requirement is subject to equitable tolling," *Mesidor v. Waste Mgmt., Inc. of Florida*, 606 F. App'x 934, 936 (11th Cir. 2015), equitable tolling

"is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted). This is not a case requiring such an extraordinary remedy. Equitable tolling is appropriate where a plaintiff shows "extraordinary circumstances such as fraud, misinformation, or deliberate concealment." *Mesidor*, 606 F. App'x at 936 (citation omitted). "Equitable tolling of Title VII's statute of limitations may be appropriate if (1) a state court action is pending; (2) the defendant concealed acts giving rise to a Title VII claim; or (3) the defendant misled the employee about the nature of his rights under Title VII." *Id.* (citing *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir.1986)). Plaintiff has alleged no set of facts in his Complaint that would support the application of equitable tolling here. In fact, Plaintiff does not event contend that equitable tolling applies.

Nevertheless, Plaintiff asserts that his "counsel experienced a plethora of technical issues" and that he "should not be penalized on a technicality." (Doc. 5 at 2.) The Supreme Court has made clear "that clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993). Accordingly, because Plaintiff failed to file his Complaint within 90 days of receiving the right-to-sue letter from the EEOC, his Title VII claims are time-barred.

Furthermore, although not addressed by the Parties, Plaintiff also appears to have failed to file his EEOC charge within the 180-day period prescribed by the statute. It is well-settled that "before a plaintiff may pursue a Title VII discrimination claim, he first must exhaust his administrative remedies." Price v. M & H Valve Co., 177 F. App'x 1, 9 (11th Cir. 2006) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir.2001)). "To exhaust his remedies, the plaintiff must file a timely charge of discrimination with the EEOC." Id. "For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act." Wikerson, 270 F.3d at 1317. Based on the allegations in the Complaint, the last discriminatory act was on September 12, 1011, when "Defendant demoted Plaintiff from an operation supervisor to a forklift operator." (Doc. 1 at ¶ 14.) Therefore, Plaintiff was required to file his EEOC charge by March 10, 2012. However,

Plaintiff did not file his EEOC charge until May 24, 2012. (Doc. 1-2.) Thus, Plaintiff failed to exhaust his administrative remedies.

## II. Remaining Claims

Defendant has moved to dismiss Plaintiff's remaining claims because Plaintiff failed to perfect service within 120 days of filing the Complaint. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). In order to be effective, Federal Rule of Civil Procedure 4 requires that the summons "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). Rule 4(b) further provides that "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fe.d R. Civ. P. 4(b). Therefore, issuance of a summons is not automatic upon filing of the complaint; rather, it is the obligation of the plaintiff to complete a summons form and present it to the clerk for signature, seal, and issuance. *Trupei v. United States*, 304 F. App'x 776, 780 (11th Cir. 2008) (noting that "the plaintiff is responsible for presenting the summons to the clerk and serving it on the defendants").

Although Plaintiff filed his Complaint on August 27, 2014, the docket reflects that no summons was signed, sealed, or issued by the clerk. (*See* Docket.) Rather, Plaintiff's counsel appears to have prepared the summons himself. The Southern District of Georgia recently addressed this very issue, characterizing the plaintiffs' failure to secure the signature and seal of the clerk as a "grave deficiency." *King v. City of Waycross, Ga.*, No. 14-CV-32, 2015 WL 1525251, at *5 (S.D. Ga. Mar. 31, 2015). The court found it "troubling" that the plaintiffs sent the summons directly to the defendants without the clerk's signature or seal, describing the omission as more than "a mere technical defect, like spelling a name wrong or forgetting to include a return date." *Id.* The court thus concluded that,"[i]n light of the seriousness of the defect, and the total lack of cause for Plaintiffs' failure to effect proper service within the time limit required by the Rules," the defendants were entitled to a dismissal. *Id.* Other courts have reached similar conclusions, finding that a plaintiff's failure to secure the signature and seal of the clerk constitutes a flagrant disregard of the rules and warrants

dismissal of the complaint. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (finding that a "summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant," and is thus "fatal to the plaintiff's case"); *Barrett v. City of Allentown*, 152 F.R.D. 46, 49 (E.D. Pa. 1993) (finding that the plaintiff's "[f]ailure to have a summons signed by a clerk is a serious deficiency which cannot be overlooked" because it "demonstrate a flagrant disregard for the rules"); *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) ("Service of an unsigned and unsealed summons . . . is a more serious infraction for which a court, in its discretion, need not allow amendment. Such service may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney."); *Aim Telephones, Inc. v. AG Commc'ns*, No. 88-CV-1037, 1988 WL 133444, at *2 (D.N.J. Dec. 12, 1988) ("An unsigned summons may demonstrate a flagrant disregard for the rules and fails to assure the defendant that the summons was actually issued by the court clerk and not by plaintiff or attorney."); *see also Wells v. Ali*, 304 F. App'x 292, 295 (5th Cir. 2008). As in *King*, not only did Plaintiff fail to obtain the clerk's signature and seal prior to serving Defendant, he also offered no reason or explanation for his failure to do so. Accordingly, Plaintiff's remaining claims are subject to dismissal.

Furthermore, even if Plaintiff had served a properly issued summons, Defendant would still be entitled to dismissal because Plaintiff failed to perfect service within 120 days of filing his Complaint. After receiving a properly issued summons from the clerk, a "plaintiff is responsible for serving the defendant with [the] summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Pursuant to the 2014 edition of the Federal Rules of Civil Procedure, "Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint."[1] *Id.* (citing Fed. R. Civ. P. 4(m)). "If the plaintiff fails to properly serve the defendant within 120 days, 'the court, upon motion or on its own

---

[1] Effective December 1, 2015, Rule 4(m) was amended by reducing the time within which to perfect service from 120 days to 90 days. Fed. R. Civ. P. 4(m). However, as this matter was filed on August 27, 2014, the 2014 Rules apply.

initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Id.* (quoting Fed. R. Civ. P. 4(m)) (alterations in original). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). However, "even if a district court finds that a plaintiff has not shown good cause for failing to effect timely service pursuant to Rule 4(m), 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *King*, 2015 WL 1525251, at *5 (quoting *Lepone–Dempsey*, 476 F.3d at 1282).

Plaintiff filed his Complaint on August 27, 2014, and had until December 26, 2014 to perfect service. Plaintiff, however, did not serve Defendant until March 5, 2015, 70 days after the time within which to perfect service had expired. Plaintiff, again, has offered no reason or explanation for his failure to perfect service within 120 days of filing his Complaint. In fact, even Plaintiff's Response to Defendant's Motion to Dismiss was filed 14 days late.[2] In light of Plaintiff's flagrant disregard of the Federal Rules of Civil Procedure and this Court's Local Rules, the Court finds that dismissal of Plaintiff's remaining claims is appropriate. In reaching this conclusion, the Court has considered whether any other circumstances warrant an extension of time based on the facts of the case, including the potential impact of the statute of limitations.

## CONCLUSION

Based on the forgoing, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**. Plaintiff's Title VII claims are **DISMISSED with prejudice** and Plaintiff's remaining claims are **DISMISSED without prejudice**.

---

[2] Local Rule 7.2 provides that a party "desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of movant's motion and brief." M.D. Ga. L.R. 7.2. Although Plaintiff's Response was due on April 13, 2015, he did not file his Response until April 27, 2015.

**SO ORDERED,** this 18th day of December, 2015.

                                    /s/ Leslie J. Abrams
                              **LESLIE J. ABRAMS, JUDGE**
                              **UNITED STATES DISTRICT COURT**